UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KERRY RYAN NOBLES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-376-G |
| ) | |
| ) | |
| **WILLIAM "CHRIS" RANKINS,** ) | |
| **Warden,** ) | |
| ) | |
| Respondent. ) | |

# ORDER

Petitioner Kerry Ryan Nobles, a state prisoner appearing through counsel, has filed a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal convictions pursuant to 28 U.S.C § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for preliminary review.

I. *Procedural Background*

As alleged in the Petition and described in the August 17, 2022 Report and Recommendation issued by Judge Purcell ("R. & R.," Doc. No. 13), Petitioner challenges multiple criminal convictions in two Oklahoma state-court prosecutions whose proceedings were largely intertwined. In the first (the "2015 Case"), Petitioner was charged with 19 criminal counts in the District Court of Oklahoma County. *See State v. Nobles*, No. CF-2015-3623 (Okla. Cnty. Dist. Ct.). In the second (the "2016 Case"), Petitioner was charged with 17 criminal counts in the District Court of Oklahoma County. *See State v. Nobles*, No. CF-2016-182 (Okla. Cnty. Dist. Ct.).

On November 10, 2016, Petitioner entered a plea of guilty to 13 counts in the 2015

Case and 12 counts in the 2016 Case. Specifically, Petitioner pled guilty to Counts 1, 2, 4, 5, 6, 9, 11, 13, 14, 16, 17, 18, and 19 in the 2015 Case, and to Counts 3, 5, 6, 7, 8, 9, 10, 11, 13, 15, 16, and 17 in the 2016 Case. *See* Resp't's Ex. 7 (Doc. No. 10-7) at 13; Resp't's Ex. 8 (Doc. No. 10-8) at 9.[1]

On May 25, 2017, Petitioner was sentenced to 13 prison terms in the 2015 Case, to be served concurrently with each other and with no credit for time served. *See* 2015 Case Am. J. & Sentence at 1-2. He was sentenced to 12 prison terms in the 2016 Case, to be served consecutively with each other and with those imposed in the 2015 Case, and with no credit for time served. *See* 2016 Case Am. J. & Sentence at 1-2. Petitioner did not file a motion to withdraw his guilty pleas or seek to appeal these judgments and sentences (the "May 2017 convictions"). *See* Pet. at 7.

On November 12, 2020, Petitioner pled guilty to the remaining counts in both cases—i.e., Counts 3, 7, 8, 10, 12, and 15 in the 2015 Case and Counts 1, 2, 4, 12, and 14 in the 2016 Case. *See* Resp't's Ex. 7, at 31; Resp't's Ex. 8, at 26.[2] He was sentenced to multiple prison terms, to be served concurrently within each Case and as to the other of the

---

[1] These offenses included: domestic abuse by strangulation; domestic assault and battery with a dangerous weapon; possession of marijuana; carrying a weapon; stalking; second-degree burglary; possession of stolen property; making a harassing phone call; attempting to prevent a witness from testifying; and attempted perjury by subornation. *See* Resp't's Ex. 1, 2015 Case Am. J. & Sentence at 1 (May 25, 2017) (Doc. No. 10-1); Resp't's Ex. 2, 2016 Case Am. J. & Sentence at 1 (May 25, 2017) (Doc. No. 10-2).

[2] These offenses included: kidnapping; forcible oral sodomy; first-degree rape; and attempted first-degree burglary. *See* Resp't's Ex. 3, 2015 Case J. & Sentence at 1 (Nov. 12, 2020) (Doc. No. 10-3); Resp't's Ex. 4, 2016 Case J. & Sentence at 1 (Nov. 12, 2020) (Doc. No. 10-4).

two Cases, and with credit for time served. *See* 2015 Case J. & Sentence at 1, 4; 2016 Case J. & Sentence at 1-2. Petitioner did not move to withdraw these pleas or seek to appeal these judgments and sentences (the "November 2020 convictions"). *See* Pet. at 7.

Also on November 12, 2020, the trial court granted Petitioner's motions to modify the earlier sentences that had been imposed in May of 2017. *See* Resp't's Br. (Doc. No. 10) at 11 n.2. The trial court ordered that the 13 prison terms previously imposed in the 2015 Case should be modified to run concurrently both with each other and with the sentence imposed in the 2016 Case. *See* Resp't's Ex. 5, 2015 Case Trial Ct. Order of Nov. 12, 2020, at 1 (Doc. No. 10-5). The 12 prison terms previously imposed in the 2016 Case were modified to run concurrently and with credit for time served. *See* Resp't's Ex. 6, 2016 Case Trial Ct. Order of Nov. 12, 2020, at 1 (Doc. No. 10-6).

On November 1, 2021, Petitioner filed an application for postconviction relief in both Cases, arguing among other things that his guilty pleas were not knowingly and voluntarily entered. *See* Resp't's Ex. 9, 2015 Case Pet'r's Postconviction Appl. (Doc. No. 10-9); Resp't's Ex. 10, 2016 Case Pet'r's Postconviction Appl. (Doc. No. 10-10). On January 6, 2022, the trial court denied relief, concluding in relevant part that Petitioner's filings were not verified as required by Oklahoma statute. *See* Resp't's Ex. 15, Trial Ct. Postconviction Order at 4-5 (Doc. No. 10-15).

Petitioner appealed this disposition to the Oklahoma Court of Criminal Appeals ("OCCA"). *See Nobles v. State*, No. PC-2022-219 (Okla. Crim. App.). On April 15, 2022, the OCCA affirmed, holding: "All issues that could have been raised in direct appeal proceeding but were not are waived, and may not be the basis of a post-conviction

3

application." Resp't's Ex. 16, OCCA Postconviction Order at 2 (Doc. No. 10-16) (citing Okla. Stat. tit. 22, § 1086).

## II.     *The Habeas Corpus Proceeding*

On May 6, 2022, Petitioner filed the instant habeas corpus action. In the Petition, he challenges his state-court convictions in the 2015 and 2016 Cases on the basis that his guilty pleas were not knowingly and voluntarily entered. *See* Pet. at 10-24.

On July 8, 2022, Respondent, Oklahoma State Reformatory Warden William "Chris" Rankins, filed a Motion to Dismiss and supporting Brief (Doc. Nos. 9, 10), seeking to dismiss the Petition on two bases. First, Respondent argued that Petitioner was not "in custody" as to certain of the challenged convictions at the time the Petition was filed. *See* Resp't's Br. at 14, 15-18; 28 U.S.C. §§ 2241(c)(3), 2254(a). Second, Respondent asserted that the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). *See* Resp't's Br. at 14, 18-30. Petitioner responded in opposition. *See* Doc. No. 12.

## III.    *The Report and Recommendation*

On August 17, 2022, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 13) addressing Petitioner's habeas request. In the R. & R., Judge Purcell thoroughly outlined the relevant procedural history of this matter. *See* R. & R. at 1-8. Judge Purcell declined to reach Respondent's arguments for dismissal, concluding instead that the Court should dismiss Petitioner's habeas claims as barred by his procedural default in state court. *See id.* at 6-9; *see also* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

On September 5, 2022, Petitioner filed a timely Objection to the R. & R. (Doc. No. 14). Respondent did not respond to the Objection. Pursuant to controlling authority, the

Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

  IV.   Discussion

   A. *The May 2017 Convictions: Failure to Meet the "In Custody" Requirement*

To obtain federal habeas relief, a petitioner must "be 'in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States.'" *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) (omission in original) (quoting 28 U.S.C. § 2254(a)).

> The custody requirement is jurisdictional. It encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom. A petitioner must satisfy the custody requirement at the time the habeas petition is filed.

*Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (citations omitted) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). As the party seeking to invoke the Court's jurisdiction, Petitioner must "demonstrate that the 'in custody' jurisdictional requirement is satisfied" by showing that "he [was] in custody at the time of initiating his petition." *Neiberger v. Rudek*, 450 F. App'x 719, 724 (10th Cir. 2011) (alteration and internal quotation marks omitted).

The Petition challenges the legality of both Petitioner's May 2017 convictions and his November 2020 convictions. *See* Pet. at 5-7, 12-24. Respondent contends that Petitioner is not "in custody" for purposes of 28 U.S.C. § 2254(a) as to the May 2017

5

convictions, because as of the Petition's filing date—May 6, 2022—Petitioner was no longer serving any of the sentences imposed pursuant to those convictions. *See* Resp't's Br. at 15-18 (citing *Mays*, 580 F.3d at 1140). Respondent has provided an Oklahoma Department of Corrections ("ODOC") report[3] reflecting that as of February 25, 2020, Petitioner had completed and discharged all the prison sentences imposed in the May 2017 Amended Judgment and Sentence in each case—i.e., the prison terms for Counts 1, 2, 4, 5, 6, 9, 11, 13, 14, 16, 17, 18, and 19 in the 2015 Case and for Counts 3, 5, 6, 7, 8, 9, 10, 11, 13, 15, 16, and 17 in the 2016 Case. *See* Resp't's Ex. 17, ODOC R. at 2-3 (Doc. No. 10-17).

Petitioner disagrees, arguing broadly that because "some" of his sentences were consecutively imposed, and "a habeas petitioner serving the latter of two or more consecutive sentences remains in custody under all of his sentences until all are served," Petitioner may attack the earlier convictions. Pet'r's Resp. at 2-3 (citing *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995)). Petitioner's premise is faulty, however. While imposed on two different dates, all of Petitioner's relevant prison terms ultimately were ordered to be served concurrently both within and between the 2015 Case and the 2016 Case. *See supra* Part I. Petitioner's focus on authority governing consecutive sentences is therefore inapposite. *Cf. Mays*, 580 F.3d at 1137 ("In *Garlotte*, the Supreme Court concluded that for purposes of habeas relief, *consecutive sentences* should be treated as a continuous series such that a petitioner remains "in custody" under all of his sentences until all are served. . 

---

[3] The report is publicly available through https://okoffender.doc.ok.gov.

6

. . . In our view, *Garlotte*'s continuous stream is not wide enough to cover a now-expired sentence that was imposed concurrently with sentences that a habeas petitioner continues to serve." (citations and internal quotation marks omitted)).

Further, governing authority supports the proposition that Petitioner may not challenge the May 2017 convictions, which underlie sentences that expired prior to the initiation of this habeas action, based on his in-custody status regarding the November 2020 convictions, for which he is serving separate sentences that were ordered to run concurrently. In *Mays*, the Tenth Circuit rejected the petitioner's argument that he should be permitted to seek habeas relief on a burglary conviction underlying a fully discharged sentence because he was serving sentences on later convictions that had been imposed to run concurrently with that discharged sentence. *See id.* at 1137-42. The appellate court held that because the petitioner "suffers no present restraint from the burglary conviction," he "cannot establish that he is in custody on that conviction." *Id.* at 1141 (alteration and internal quotation marks omitted). Here, likewise, Petitioner does not show that he is incarcerated upon, or otherwise significantly restrained by, the now-expired May 2017 convictions. Petitioner therefore has not demonstrated that is he is "in custody" on those convictions, and his habeas challenges thereto must be dismissed. 28 U.S.C. § 2254(a); *see Mays*, 580 F.3d at 1141-42; *see also Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

### B. *The November 2020 Convictions: Procedural Default*

As noted, Petitioner raised a challenge to the voluntary and intelligent nature of his criminal guilty pleas in his applications for postconviction relief in the trial court. The trial court denied relief in both Cases based upon Petitioner's failure to verify either application as prescribed by title 22, section 1081 of the Oklahoma Statutes. *See* Trial Ct. Postconviction Order at 4. On postconviction appeal, the OCCA affirmed on the basis that Petitioner had waived his arguments by failing to raise them on direct appeal. *See* OCCA Postconviction Order at 2.

"A state prisoner's default of his federal claims in state court under an independent and adequate state procedural rule bars federal habeas review of those claims." *Finlayson v. Utah*, 6 F.4th 1235, 1238 (10th Cir. 2021) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). "The [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *see also Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994).[4] Federal habeas

---

[4] As concluded by Judge Purcell, the OCCA's finding on postconviction appeal that Petitioner's claims were barred was based on both an independent and an adequate state procedural ground. The OCCA's imposition of a procedural bar was an "independent" state ground because it was "separate and distinct from federal law" and "the exclusive basis for the state court's holding." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995); *see* OCCA Postconviction Order at 2. And, "[a] state court finding of procedural default is adequate if it is strictly or regularly followed." *Maes*, 46 F.3d at 986 (internal quotation marks omitted). The Tenth Circuit has recognized that Oklahoma's bar on raising any claim for relief in a postconviction application that could have been raised on direct appeal is an independent and adequate state ground. *See, e.g.*, *Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

review of the defaulted claims is precluded absent a showing by a habeas petitioner of either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "a fundamental miscarriage of justice" will result if the petitioner's claims are not considered. *Coleman*, 501 U.S. at 750.

Citing *Coleman* and related authorities, Judge Purcell recommended dismissal of Petitioner's habeas claims based upon Petitioner's procedural default of those claims in state court. *See* R. & R. at 6-9. Petitioner raises several objections to Judge Purcell's findings and conclusions. *See* Pet'r's Obj. at 3-6.

First, Petitioner argues that the state trial court erred and abused its discretion in finding that Petitioner had failed to verify his postconviction applications. *See* Pet'r's Obj. at 1-2. But Judge Purcell's determination regarding the viability of Petitioner's federal claims is premised upon the state appellate court's rejection of the claims, not upon any prior disposition by the trial court. *See* R. & R. at 7; OCCA Postconviction Order at 2; *cf. Hawes v. Pacheco*, 7 F.4th 1252, 1261 n.6 (10th Cir. 2021) (explaining that the habeas court looks to the "last reasoned opinion" of the state court on the petitioner's federal claims (internal quotation marks omitted)). Further, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner next challenges the basis for the OCCA's finding of waiver, asserting that Petitioner was unable to raise his postconviction claims via direct appeal because he was "abandon[ed]" by defense counsel who did not comply with Petitioner's request to file a motion to withdraw the guilty pleas. Pet'r's Obj. at 2-3. "Cause" under the cause-and-prejudice analysis "must be something *external* to the petitioner, something that cannot

9

fairly be attributed to him." *Coleman*, 501 U.S. at 753. Attorney error amounting to constitutionally ineffective assistance of counsel under the Sixth Amendment may constitute cause as would be required to excuse a procedural default. *Id.* at 753-54. Petitioner's abandonment assertion thus nominally argues that the ineffective assistance of his trial counsel constitutes cause for Petitioner's failure to raise his federal claims on direct appeal. *See* Pet'r's Obj. at 2-3; *see also* Pet. at 18, 22-23.

Petitioner's Objection, however, represents that the relevant guilty pleas he wished to withdraw were those entered in the May 2017 convictions, rather those underlying the November 2020 convictions. *See* Pet'r's Obj. at 3 ("On June 2, 2017, . . . Petitioner advised his defense attorney he would like to enter a Motion to withdraw this guilty plea.").[5] Petitioner's allegations therefore do not plausibly demonstrate "cause for the default" with respect to the later 2020 convictions for which federal habeas relief is potentially available. *Coleman*, 501 U.S. at 750. Absent a showing of cause, the Court need not consider the existence of actual prejudice. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

Finally, Petitioner argues that "a fundamental miscarriage of justice" will result

---

[5] The record reflects that the ineffective-assistance claim raised to the state courts was likewise based upon defense counsel's failure to seek withdrawal of the guilty pleas entered in Petitioner's May 2017 convictions. *See* 2016 Case Pet'r's Postconviction Appl. at 10, 12, 42, 56-57, 89-90. Accordingly, it appears that any ineffective-assistance claim regarding a failure to seek withdrawal as to the November 2020 convictions has not been presented to the state courts. Petitioner makes no attempt to "satisfy the cause-and-prejudice standard with respect to *that* claim" and therefore could not rely upon such an unexhausted claim "to establish cause for his procedural default" in any event. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective-assistance claim "asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *Gonzales v. Hartley*, 396 F. App'x 506, 509 (10th Cir. 2010).

absent consideration of his habeas claims because he is "factually innocent" of some of the crimes for which he was convicted. *Coleman*, 501 U.S. at 750; *see* Pet'r's Obj. at 3-4.

The fundamental miscarriage of justice exception is "extremely narrow," "implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (internal quotation marks omitted). To prevail, Petitioner must identify evidence that "affirmatively demonstrate[s] his innocence." *See id.*; *Steele*, 11 F.3d at 1522 (noting that a petitioner must supplement his constitutional claim with "a colorable showing of factual innocence" (internal quotation marks omitted)).

Petitioner's allegations that he had supplied his defense attorney with alibi witnesses and unidentified "exculpatory evidence" fall far short of supplying the Court with "new evidence" of innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (explaining that a showing of "actual innocence" requires that, "in light of the new evidence," "no reasonable juror would have found the defendant guilty"); *see* Pet'r's Obj. at 3. Petitioner identifies no evidence "affirmatively demonstrat[ing] his innocence" or showing "that it is more likely than not that 'no reasonable juror' would have convicted him." *Ballinger*, 3 F.3d at 1375; *Schlup*, 513 U.S. at 329. Accordingly, Petitioner has failed to show that dismissal of his habeas claims will result in a fundamental miscarriage of justice.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 13) is ADOPTED as modified herein. The Petition for Writ of Habeas Corpus (Doc. No.

1) is DISMISSED without prejudice. Respondent's Motion to Dismiss (Doc. No. 9) is GRANTED IN PART and DENIED AS MOOT IN PART. Specifically:

- To the extent Petitioner challenges his 2017 convictions in *State v. Nobles*, No. CF-2015-3623 (Okla. Cnty. Dist. Ct.), and in *State v. Nobles*, No. CF-2016-182 (Okla. Cnty. Dist. Ct.), Respondent's Motion to Dismiss is granted, and these habeas claims are dismissed due to a lack of jurisdiction.

- To the extent Petitioner challenges his 2020 convictions in *State v. Nobles*, No. CF-2015-3623 (Okla. Cnty. Dist. Ct.), and in *State v. Nobles*, No. CF-2016-182 (Okla. Cnty. Dist. Ct.), these claims are dismissed as procedurally barred pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 31st day of March, 2023.

CHARLES B. GOODWIN
United States District Judge